ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. State Bar No.: 144524)
DENNIS MITCHELL (Cal. State Bar No.: 116039)
Assistant United States Attorneys
Environmental Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4536/2484
     Facsimile: (213) 534-4300
     E-mail:   joseph.johns@usdoj.gov
             dennis.mitchell@usdoj.gov
IGNACIA MORENO
Assistant Attorney General
SHENNIE PATEL (DC Bar No.: 462600)
Trial Attorney
Environmental Crimes Section
Environment & Natural Resources Division
U.S. Department of Justice
     601 D Street, NW
     Washington, DC 20004
     Telephone: (202) 305-0295
     Facsimile: (202) 514-8865
     E-mail: shennie.patel@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 12-202(A)-CAS |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | WIN LEE CORPORATION |
| v. | ) | |
| | ) | |
| WIN LEE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     1.  This constitutes the plea agreement between WIN LEE

CORPORATION ("defendant"), the United States Attorney's Office

for the Central District of California ("the USAO") and the U.S.

Department of Justice's Environmental Crimes Section ("ECS") in

1   the above-captioned case.  This agreement is limited to the USAO
2   (references to USAO throughout this document include ECS) and
3   cannot bind any other federal, state, local, or foreign
4   prosecuting, enforcement, administrative, or regulatory
5   authorities.

DEFENDANT'S OBLIGATIONS

7       2.  Defendant agrees to:
8           a) At the earliest opportunity requested by the USAO
9   and provided by the Court, appear and plead guilty to Counts
10  Twenty-One and Twenty-Seven of the First Superseding Indictment
11  in United States v. Vinh Chuong Kha, WIN LEE CORPORATION, et al.,
12  CR No. 12-202(A)-CAS, which charges defendant, respectively, with
13  Smuggling Goods from the United States and Wildlife Trafficking,
14  in violation of 18 U.S.C. § 554 and 16 U.S.C. §§ 3372(a)(1),
15  3373(d)(1)(A).
16          b) Not contest facts agreed to in this agreement.
17          c) Abide by all agreements regarding sentencing
18  contained in this agreement.
19          d) Appear for all court appearances, obey all
20  conditions of any bond, and obey any other ongoing court order in
21  this matter.
22          e) Not commit any crime; however, offenses that would
23  be excluded for sentencing purposes under United States
24  Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")
25  § 4A1.2(c) are not within the scope of this agreement.
26          f) Be truthful at all times with Pretrial Services, the
27  United States Probation Office, and the Court.
28

2

g) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

3. Defendant further agrees:

a) Truthfully to disclose to law enforcement officials, at a date and time to be set by the USAO, the location of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, specifically including all right, title, and interest in and to, all United States currency, property and assets, including the following:

(1) One White rhino shoulder mount seized on February 18, 2012, by the United States Fish and Wildlife Service ("USFWS") from the premises of Win Lee Corporation at 9641 Bolsa Avenue, Westminster, California;

(2) One carved Black rhino horn seized on February 18, 2012, by the USFWS from the premises of Win Lee Corporation at 9641 Bolsa Avenue, Westminster, California;

(3) One rhino horn with mount photos and documents seized on February 18, 2012, by the USFWS from the premises of Win Lee Corporation at 9641 Bolsa Avenue, Westminster, California;

(4) 76 precious stones with certificates seized on February 18, 2012, by the USFWS from the premises of Win Lee

3

1  Corporation at 9641 Bolsa Avenue, Westminster, California;

2           (5) One oblong Black rhino horn carving seized on

3  February 18, 2012, by the USFWS from the premises of Win Lee

4  Corporation at 9641 Bolsa Avenue, Westminster, California;

5           (6) Two Black rhino horns seized on February 18,

6  2012, by the USFWS from the residence at 11372 Chapman Avenue,

7  Garden Grove, California;

8           (7) One partial Black rhino horn seized on

9  February 18, 2012, by the USFWS from the residence at 11372

10  Chapman Avenue, Garden Grove, California;

11           (8) One bag of White rhino horn shavings seized on

12  February 18, 2012, by the USFWS from the residence at 11372

13  Chapman Avenue, Garden Grove, California;

14           (9) One bag of White rhino horn shavings seized on

15  February 18, 2012, by the USFWS from the residence at 11372

16  Chapman Avenue, Garden Grove, California;

17           (10) One rhino foot seized on February 18, 2012,

18  by the USFWS from the residence at 11372 Chapman Avenue, Garden

19  Grove, California;

20           (11) Five Black rhino feet seized on February 18,

21  2012, by the USFWS from the residence at 11372 Chapman Avenue,

22  Garden Grove, California;

23           (12) $2,800.00 seized on February 18, 2012, by the

24  USFWS from the residence at 11372 Chapman Avenue, Garden Grove,

25  California;

26           (13) $2,488.00 seized on February 18, 2012, by the

27  USFWS from the residence at 11372 Chapman Avenue, Garden Grove,

28  California;

1        (14) $20,000.00 seized on February 18, 2012, by

2    the USFWS from the residence at 11372 Chapman Avenue, Garden

3    Grove, California;

4        (15) Two sealed packets of $1.00 bills (unknown

5    amount) seized on February 18, 2012, by the USFWS from the

6    residence at 11372 Chapman Avenue, Garden Grove, California;

7        (16) $1,100.00 seized on February 18, 2012, by the

8    USFWS from the residence at 11372 Chapman Avenue, Garden Grove,

9    California;

10       (17) $5,781.00 seized on February 18, 2012, by the

11   USFWS from the residence at 11372 Chapman Avenue, Garden Grove,

12   California;

13       (18) $2,400.00 seized on February 18, 2012, by the

14   USFWS from the residence at 11372 Chapman Avenue, Garden Grove,

15   California;

16       (19) One rhino horn with mount photos and

17   documents seized on February 18, 2012, by the USFWS from the

18   residence at 11372 Chapman Avenue, Garden Grove, California;

19       (20) One rhino horn carving in China book seized

20   on February 18, 2012, by the USFWS from the residence at 11372

21   Chapman Avenue, Garden Grove, California;

22       (21) 178 gold ingots (approximately .999 grams

23   each) seized on February 18, 2012, by the USFWS from the

24   residence at 11372 Chapman Avenue, Garden Grove, California;

25       (22) One bag with gold pieces seized on February

26   18, 2012, by the USFWS from the residence at 11372 Chapman

27   Avenue, Garden Grove, California;

28       (23) 95 gold ingots (approximately .999 grams

each) seized on February 18, 2012, by the USFWS from the premises
of Win Lee Corporation at 9641 Bolsa Avenue, Westminster,
California;

(24) One gold necklace, two gold finger rings, one
gold Rolex watch, and $3,845.00 seized by the USFWS from co-
defendant Jimmy Kha on February 17, 2012;

(25) 154 gold ingots (approximately .999 grams
each), one pair diamond earrings and pendant with certificate,
two necklaces and two bracelets, ten silver coins, one gold
watch, one ivory pendant with gold rim, 41 gold, silver, and
precious stone rings, eight gold and silver pendants, six silver
earrings, six silver and gold bracelets, one gold piece, and
three watches seized by the USFWS on February 18, 2012 from co-
defendant Jimmy Kha's safe deposit box at Cathay Bank, 9121 Bolsa
Avenue, Westminster, California;

(26) One 2009 BMW 750 Li Sedan, black in color,
California License No. 6KKE360, bearing Vehicle Identification
No. WBAKB835590761790;

(27) One 2008 Toyota 4 Runner, gray in color,
California License No. 6CSG354, bearing Vehicle Identification
No. JTEZU12R58K004521;

(28) One Gary's gold custom saddle belt, one gold
Rolex watch; one gold ring; one gold chain necklace; and
$9,812.00 seized by the USFWS from co-defendant Felix Kha on
February 17, 2012;

all of which defendant admits constitute the proceeds of
defendant's illegal activity and/or were used to facilitate

1    defendant's criminal activity in violation of 18 U.S.C. §§ 554
2    and 16 U.S.C. §§ 3372(a) and 3373(d).

3         b) To the Court's entry of an order of forfeiture at or
4    before sentencing with respect to these assets and to the
5    forfeiture of these assets.

6         c) To take whatever steps are necessary to pass to the
7    United States clear title to the assets described above,
8    including, without limitation, the execution of a consent decree
9    of forfeiture and the completing of any other legal documents
10   required for the transfer of title to the United States.

11        d) Not to contest any administrative forfeiture
12   proceedings or civil judicial proceedings commenced against these
13   properties pursuant to 18 U.S.C. §§ 981 & 982, 21 U.S.C. § 853,
14   28 U.S.C. § 2461(c), and 16 U.S.C. § 3374(a)(2).  With respect to
15   any criminal forfeiture ordered as a result of this plea
16   agreement, defendant waives the requirements of Federal Rules of
17   Criminal Procedure 32.2 and 43(a) regarding notice of the
18   forfeiture in the charging instrument, announcements of the
19   forfeiture sentencing, and incorporation of the forfeiture in the
20   judgment.  Defendant acknowledges that forfeiture of the assets
21   is part of the sentence that may be imposed in this case and
22   waives any failure by the Court to advise defendant of this,
23   pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at
24   the time the Court accepts defendant's guilty pleas.

25        e) Not to assist any other individual in any effort to
26   falsely contest the forfeiture of the assets described above.

27        f) Not to claim that reasonable cause to seize the
28   assets was lacking.

g) To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h) To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i) That forfeiture of assets described above shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

4.  The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing contained in this agreement.

c) At the time of sentencing, move to dismiss the remaining counts of the First Superseding Indictment against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable sentence to be imposed in this case.

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e) Except for criminal tax violations (including

8

conspiracy to commit such violations chargeable under 18 U.S.C.
§ 371), not further criminally prosecute defendant for violations
of federal law arising out of defendant's conduct described in
the agreed-to factual basis set forth in the Factual Basis in
Support of the Plea Agreement, incorporated herein as Attachment
A.  Defendant understands that the USAO is free to criminally
prosecute defendant for any other unlawful past conduct or any
unlawful conduct that occurs after the date of this agreement.
Defendant agrees that at the time of sentencing the Court may
consider the uncharged conduct in determining the applicable
sentence to be imposed after consideration of the Sentencing
Guidelines and all other relevant factors under 18 U.S.C. §
3553(a).

CORPORATE AUTHORIZATION

    5.  Defendant represents that it is authorized to enter into
this Agreement.  On or before the date of entry of the Plea
Agreement, defendant shall provide to the United States and the
Court a notarized legal document certifying that defendant
corporation is authorized to enter into and comply with all of
the provisions of this Plea Agreement.  Such corporate
resolutions shall designate a corporate representative
authorized to take these actions, and that all corporate
formalities for such authorizations have been observed (see
Attachment 2).

ORGANIZATIONAL CHANGES AND APPLICABILITY

    6.  This Agreement shall bind defendant, its successor
corporation if any, and any other person or entity that assumes
the liabilities contained herein ("successors-in-interest").

1  Defendant, or its successors-in-interest, if applicable, shall
2  provide the USAO and the United States Probation Office for the
3  Central District of California with immediate notice of any name
4  change, business reorganization, sale or purchase of assets,
5  divestiture of assets, or similar action impacting their ability
6  to pay the fine or affecting this Agreement.  No change in name,
7  change in corporate or individual control, business
8  reorganization, change in ownership, merger, change of legal
9  status, sale or purchase of assets, or similar action shall alter
10 defendant's responsibilities under this Agreement.  Defendant
11 shall not engage in any action to seek to avoid the obligations
12 and conditions set forth in this Agreement.

13                      NATURE OF THE OFFENSE

14      7.  The parties stipulate and agree that under well-
15 established principles of corporate liability and respondeat
16 superior, as these principles apply in this case, defendant is
17 liable for the actions of its agents and employees.  New York
18 Central and Hudson River R.R. v. United States, 212 U.S. 481, 495
19 (1909); United States v. Beusch, 596 F.2d 871 (9th Cir. 1979);
20 United States v. Hilton Hotels Corporation, 467 F.2d 1004-1007
21 (9th Cir. 1972).

22                      NATURE OF THE OFFENSES

23      8.  Defendant understands that for defendant to be guilty
24 of the crime charged in Count Twenty-One, that is, Smuggling
25 Goods from the United States, in violation of Title 18, United
26 States Code, Section 554, the following must be true: defendant,
27 by and through the knowledge and actions of its agents and
28 employees, did (1) fraudulently or knowingly received, concealed,

                                10

bought, sold, or facilitated the transportation, concealment, or sale of merchandise; (2) prior to export of the merchandise; and (3) knew the merchandise was intended for export contrary to United States law or regulation.

Defendant understands that for defendant to be guilty of the crime charged in Count Twenty-Seven, that is, Wildlife Trafficking, in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A), the following must be true: defendant, by and through the knowledge and actions of its agents and employees, did (1) knowingly export wildlife; and (2) the defendant knew that the exported wildlife had been transported or sold in violation of or in a manner unlawful under United States law or regulations.

<u>PENALTIES</u>

9.   Defendant understands that the statutory maximum sentence that the Court can impose upon a corporate defendant for a violation of Title 18, United States Code, Section 554, is: 5 years probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

Defendant understands that the statutory maximum sentence that the Court can impose upon a corporate defendant for a violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A), is: 5 years probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading

1  guilty is: 5 years probation; a fine of $1,000,000 or twice the

2  gross gain or gross loss resulting from the offenses, whichever

3  is greatest; and a mandatory special assessment of $800.

4      11.   The Court will also order forfeiture of the property

5  listed above in paragraph 3, or substitute assets up to the value

6  of that property.

7                    SUSPENSION/REVOCATION/DEBARMENT

8      12.   Defendant understands that if defendant holds any

9  regulatory licenses or permits, the convictions in this case may

10  result in the suspension or revocation of those licenses and

11  permits.  By this Agreement, the USAO makes no representation or

12  promise concerning suspension or debarment of defendant from

13  contracting with the United States or with any office, agency, or

14  department thereof.  Suspension and debarment of organizations

15  convicted under various federal environmental protection and

16  criminal statutes is a discretionary administrative action solely

17  within the authority of the federal contracting agencies.

18                        SENTENCING FACTORS

19      13.   Defendant and the USAO agree and stipulate that,

20  pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§

21  8C2.1 and 8C2.10, the sentencing guidelines are not applicable in

22  determining the fine for an organization violating statutes

23  relating to offenses involving wildlife (U.S.S.G. § 2Q2.1).

24  Defendant understands that in determining defendant's sentence

25  the Court is required to consider the factors set forth in 18

26  U.S.C. § 3553(a)(1)-(7) and 3572, and that after considering the

27  § 3553(a) and 3572 factors, the Court will be free to exercise

28  its discretion to impose any sentence it finds appropriate up to

1 the maximum set by statute for the crime of conviction.

2 <u>NO AGREEMENT REGARDING SENTENCING FACTORS</u>

3    14.   Except as set forth in paragraph 4(d) above, defendant

4 and the USAO have no agreement as to the appropriate sentence or

5 the applicable Sentencing Guidelines factors.  Except as set

6 forth in paragraph 4(d), both parties reserve the right to seek

7 any sentence within the statutory maximum, and to argue for any

8 criminal history score and category, base offense level, specific

9 offense characteristics, adjustments, departures, and variances.

10 <u>FACTUAL BASIS</u>

11    15.   Defendant admits that defendant is, in fact, guilty of

12 the offenses to which defendant is agreeing to plead guilty.

13 Defendant and the USAO agree to the statement of facts provided

14 in Attachment A to this plea agreement and agree that this

15 statement of facts is sufficient to support pleas of guilty to

16 the charges described in this agreement but is not meant to be a

17 complete recitation of all facts relevant to the underlying

18 criminal conduct or all facts known to either

19 <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20    16.   Defendant understands that by pleading guilty,

21 defendant gives up the following rights:

22        a) The right to persist in a plea of not guilty.

23        b) The right to a speedy and public trial by jury.

24        c) The right to be represented by counsel – and if

25 necessary have the court appoint counsel – at trial.  Defendant

26 understands, however, that, defendant retains the right to be

27 represented by counsel – and if necessary have the court appoint

28 counsel – at every other stage of the proceeding.

13

1          d) The right to be presumed innocent and to have the

2    burden of proof placed on the government to prove defendant

3    guilty beyond a reasonable doubt.

4          e) The right to confront and cross-examine witnesses

5    against defendant.

6          f) The right to testify and to present evidence in

7    opposition to the charges, including the right to compel the

8    attendance of witnesses to testify.

9          g) Any and all rights to pursue any affirmative

10   defenses, Fourth Amendment claims, and other pretrial motions

11   that have been filed or could be filed.

12                    WAIVER OF APPEAL OF CONVICTION

13        17. Defendant understands that, with the exception of an

14   appeal based on a claim that defendant's guilty pleas were

15   involuntary, by pleading guilty defendant is waiving and giving

16   up any right to appeal defendant's convictions on the offenses to

17   which defendant is pleading guilty.

18              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19        18.  Defendant agrees that, provided the Court imposes a

20   fine and term of probation within the statutory maximum

21   referenced in paragraph 9, defendant gives up the right to appeal

22   all of the following: (a) the procedures and calculations used to

23   determine and impose any portion of the sentence; (b) the term of

24   imprisonment imposed by the Court; (c) the fine imposed by the

25   court, provided it is within the statutory maximum; (d) the term

26   of probation imposed by the Court, provided it is within the

27   statutory maximum; and (e) any of the following conditions of

28   probation imposed by the Court: the standard conditions set forth

in General Orders 318, 01-05, and/or 05-02 of this Court.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

(a) If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas.

(b) The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crimes to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated to dismiss or not to criminally prosecute pursuant to this agreement.

c)   The USAO will be free to criminally prosecute

16

1  defendant for false statement, obstruction of justice, and

2  perjury based on any knowingly false or misleading statement by

3  defendant.

4    23.  Following the Court's finding of a knowing breach of

5  this agreement by defendant, should the USAO choose to pursue any

6  charge that was either dismissed or not filed as a result of this

7  agreement, then:

8        a) Defendant agrees that any applicable statute of

9  limitations is tolled between the date of defendant's signing of

10 this agreement and the filing commencing any such action.

11       b) Defendant waives and gives up all defenses based on

12 the statute of limitations, any claim of pre-indictment delay, or

13 any speedy trial claim with respect to any such action, except to

14 the extent that such defenses existed as of the date of

15 defendant's signing this agreement.

16              COURT AND PROBATION OFFICE NOT PARTIES

17   24.  Defendant understands that the Court and the United

18 States Probation Office are not parties to this agreement and

19 need not accept any of the USAO's sentencing recommendations or

20 the parties' agreements to facts or sentencing factors.

21   25.  Defendant understands that both defendant and the USAO

22 are free to: (a) supplement the facts by supplying relevant

23 information to the United States Probation Office and the Court,

24 (b) correct any and all factual misstatements relating to the

25 Court's Sentencing Guidelines calculations and determination of

26 sentence, and (c) argue on appeal and collateral review that the

27 Court's Sentencing Guidelines calculations and the sentence it

28 chooses to impose are not error.  While this paragraph permits

both the USAO and defendant to submit full and complete factual
information to the United States Probation Office and the Court,
even if that factual information may be viewed as inconsistent
with the facts agreed to in this agreement, this paragraph does
not affect defendant's and the USAO's obligations not to contest
the facts agreed to in this agreement.

26.   Defendant understands that even if the Court ignores
any sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to
the maximum established by statute, defendant cannot, for that
reason, withdraw defendant's guilty pleas, and defendant will
remain bound to fulfill all defendant's obligations under this
agreement.  Defendant understands that no one -- not the
prosecutor, defendant's attorney, or the Court -- can make a
binding prediction or promise regarding the sentence defendant
will receive, except that it will be within the statutory
maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the
USAO and defendant or defendant's attorney, and that no
additional promise, understanding, or agreement may be entered
into unless in a writing signed by all parties or on the record
in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

28.   The parties agree that this agreement will be
considered part of the record of defendant's guilty plea hearing

18

1  as if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
   ANDRÉ BIROTTE JR.
6  United States Attorney

7

8  _____                    _____8/29/12_____
   JOSEPH O. JOHNS                              Date
9  Assistant United States Attorney

10

11 _____                    _____8/8/12_____
   VINH CHUONG KHA                              Date
12 Authorized Representative for
   Defendant Win Lee Corporation
13

14 _____                    _____8/8/12_____
   EVAN P. FREED                                Date
15 Attorney for Defendant
   WIN LEE CORPORATION
16

17                    CERTIFICATION OF DEFENDANT

18      On behalf of the defendant, WIN LEE CORPORATION, this

19 agreement has been read to me in  __CANTONESE_____,

20 the language I understand best.  As the authorized representative

21 of the corporate defendant, I have had enough time to review and

22 consider this agreement, and I have carefully and thoroughly

23 discussed every part of it with WIN LEE CORPORATION's attorney.

24 On behalf of the corporate defendant, I understand the terms of

25 this agreement, and I voluntarily agree to those terms.  I have

26 discussed the evidence with WIN LEE CORPORATION's attorney, and

27 its attorney has advised me of the corporate defendant's rights,

28 of possible pretrial motions that might be filed, of possible

                                    19

defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me or the corporate defendant other than those contained in this agreement.  No one has threatened or forced me or the corporate defendant in any way to enter into this agreement.  I am satisfied with the representation of WIN LEE CORPORATION's attorney in this matter, and the corporate defendant is pleading guilty because it is guilty of the charges and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _8/8/12_____
VINH CHUONG KHA                    Date
Authorized Representative for
Defendant Win Lee Corporation

20

1

CERTIFICATION OF INTERPRETER

2  I, __DANIEL H DENG__, am fluent in the written and

3  spoken English and __CANTONESE__ languages.  I

4  accurately translated this entire agreement from English into

5  __CANTONESE__ to defendant VINH CHUONG KHA, also

6  known as Jimmy Kha, the authorized representative for corporate

7  defendant WIN LEE CORPORATION on this date.

8

9  _____          __8/8/12_____
                                          Date
10  Interpreter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am WIN LEE CORPORATION's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client's authorized representative, VINH CHUONG KHA.  Further, I have fully advised my client's authorized representative of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client or its authorized representative other than those contained in this agreement; no one has threatened or forced my client or its authorized representative in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          _____8/8/12_____
EVAN P. FREED                             Date
Attorney for Defendant
WIN LEE CORPORATION

22

ATTACHMENT A

**Factual Basis in Support of Plea Agreement**

At all times relevant to the charges alleged in Counts Twenty-One and Twenty-Seven of the First Superseding Indictment in <u>United States v. Win Lee Corporation, et al.</u>, CR No. 12-202(A)-CAS, WIN LEE CORPORATION ("defendant") was an import and export business located at 9641 Bolsa Avenue, Westminster, California.  Defendant was owned and operated by co-defendant Jimmy Kha, and co-defendant Felix Kha was defendant's employee. Beginning in or about January 26, 2010, and continuing to on or about February 18, 2012, defendant, by and through the actions of its agents and employees Jimmy and Felix Kha, would purchase White and Black rhinoceros horn in interstate and intrastate commerce obtained from Jarrod Wade Steffen and others.  Jimmy and Felix Kha knew that both Black and White rhinoceros were protected by federal law as endangered and threatened species. Jimmy and Felix Kha knew that it was illegal to purchase, transport, receive, or sell Black rhinoceros horn in interstate commerce.  Jimmy and Felix Kha did not care what type of rhinoceros horn they were purchasing nor the illegal nature of the transactions, they just did not want to get caught by law enforcement.

Jimmy and Felix Kha purchased Black and White rhinoceros horn for the purpose of exporting or shipping the horn overseas to be commercially sold for the purpose of making traditional libation cups or traditional herbal medicines.  Jimmy and Felix Kha knew that it was illegal to export any rhinoceros horn from the United States without permission from the United States Fish

and Wildlife Service ("USFWS").  Jimmy Kha's girlfriend, Mai
Nguyen, was also knowingly involved the illegal purchases,
shipments, and commercial export and sales of the Black and White
rhinoceros horn .

Felix Kha would contact Jarrod Wade Steffen and others
regarding individuals located throughout the United States that
were willing to sell White or Black rhinoceros horn.  On
occasion, Jarrod Wade Steffen would identify such individuals
through his own research efforts.  Between on or about January
26, 2010 through December 2011, Jimmy and Felix Kha purchased and
received rhinoceros horn in interstate commerce at defendant's
business location at 9641 Bolsa Avenue, Westminster, California.
Between on or about May 2011 through February 2012, Jimmy Kha,
Felix Kha, and Mai Nguyen purchased and received rhinoceros horn
in interstate commerce that was shipped to Mai Nguyen's business
located at 7223 Church Street, Unit A-2, Highland, California.

During this time period, Jarrod Wade Steffen and others
purchased dozens of pairs of Black and White rhinoceros horns and
shipped them to defendant's employees Jimmy and Felix Kha, and
Mai Nguyen.  On or about the dates listed below, defendant and
its employees Jimmy and Felix Kha, and Mai Nguyen, received, in
interstate commerce for a commercial purpose, Black and White
rhinoceros horn at the addresses listed below:

| Date | Receiving Address |
| --- | --- |
| 01/26/10 | 9641 Bolsa Avenue, Westminster, CA |
| 04/12/10 | 9641 Bolsa Avenue, Westminster, CA |
| 05/07/10 | 9641 Bolsa Avenue, Westminster, CA |

| | |
|---|---|
| 06/07/10 | 9641 Bolsa Avenue, Westminster, CA |
| 06/07/10 | 9641 Bolsa Avenue, Westminster, CA |
| 06/07/10 | 9641 Bolsa Avenue, Westminster, CA |
| 06/24/10 | 9641 Bolsa Avenue, Westminster, CA |
| 06/28/10 | 9641 Bolsa Avenue, Westminster, CA |
| 07/06/10 | 9641 Bolsa Avenue, Westminster, CA |
| 07/06/10 | 9641 Bolsa Avenue, Westminster, CA |
| 07/13/10 | 9641 Bolsa Avenue, Westminster, CA |
| 08/07/10 | 9641 Bolsa Avenue, Westminster, CA |
| 10/08/10 | 9641 Bolsa Avenue, Westminster, CA |
| 11/09/10 | 9641 Bolsa Avenue, Westminster, CA |
| 11/17/10 | 9641 Bolsa Avenue, Westminster, CA |
| 12/30/10 | 9641 Bolsa Avenue, Westminster, CA |
| 01/01/11 | 9641 Bolsa Avenue, Westminster, CA |
| 01/07/11 | 9641 Bolsa Avenue, Westminster, CA |
| 02/05/11 | 9641 Bolsa Avenue, Westminster, CA |
| 02/07/11 | 9641 Bolsa Avenue, Westminster, CA |
| 03/02/11 | 9641 Bolsa Avenue, Westminster, CA |
| 03/03/11 | 9641 Bolsa Avenue, Westminster, CA |
| 03/04/11 | 9641 Bolsa Avenue, Westminster, CA |
| 03/23/11 | 9641 Bolsa Avenue, Westminster, CA |
| 03/31/11 | 9641 Bolsa Avenue, Westminster, CA |
| 04/01/11 | 9641 Bolsa Avenue, Westminster, CA |
| 04/07/11 | 9641 Bolsa Avenue, Westminster, CA |
| 04/11/11 | 9641 Bolsa Avenue, Westminster, CA |
| 04/11/11 | 9641 Bolsa Avenue, Westminster, CA |
| 04/25/11 | 9641 Bolsa Avenue, Westminster, CA |
| 04/29/11 | 9641 Bolsa Avenue, Westminster, CA |
| 04/29/11 | 9641 Bolsa Avenue, Westminster, CA |
| 05/10/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 05/20/11 | 7223 Church Street, Unit A-2, Highland, CA |

| | |
|---|---|
| 05/20/11 | 9641 Bolsa Avenue, Westminster, CA |
| 06/03/11 | 9641 Bolsa Avenue, Westminster, CA |
| 06/07/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 06/14/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 06/23/11 | 9641 Bolsa Avenue, Westminster, CA |
| 07/08/11 | 9641 Bolsa Avenue, Westminster, CA |
| 07/27/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 07/27/11 | 9641 Bolsa Avenue, Westminster, CA |
| 08/04/11 | 9641 Bolsa Avenue, Westminster, CA |
| 08/25/11 | 9641 Bolsa Avenue, Westminster, CA |
| 08/30/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 08/31/11 | 9641 Bolsa Avenue, Westminster, CA |
| 09/02/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 09/13/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 09/22/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 10/03/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 10/06/11 | 9641 Bolsa Avenue, Westminster, CA |
| 10/07/11 | 9641 Bolsa Avenue, Westminster, CA |
| 10/13/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 10/27/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 10/31/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 11/01/11 | 9641 Bolsa Avenue, Westminster, CA |
| 11/08/11 | 7223 Church Street, Unit A-2, Highland, CA |
| 11/17/11 | 9641 Bolsa Avenue, Westminster, CA |
| 12/13/11 | 9641 Bolsa Avenue, Westminster, CA |
| 12/13/11 | 9641 Bolsa Avenue, Westminster, CA |
| 01/23/12 | 7223 Church Street, Unit A-2, Highland, CA |
| 01/25/12 | 7223 Church Street, Unit A-2, Highland, CA |
| 02/02/12 | 7223 Church Street, Unit A-2, Highland, CA |
| 02/02/12 | 7223 Church Street, Unit A-2, Highland, CA |

//

On or about the following dates, Jimmy Kha, Felix Kha, and Mai Nguyen met with others who traveled to Long Beach, California from the locations listed below, to provide compensation, for previous rhinoceros horn purchases and shipments, and to provide money to fund future purchases and shipments of rhinoceros horn:

| Travel Date | Location Traveled From |
|---|---|
| 08/08/09 | Omaha, NE |
| 05/11/10 | Chicago, IL |
| 11/03/10 | Milwaukee, WI |
| 12/03/10 | Chicago, IL |
| 03/28/11 | Dallas, TX |
| 06/04/11 | Austin, TX |
| 07/19/11 | Chicago, IL |
| 08/09/11 | Omaha, NE |
| 08/09/11 | Chicago, IL |
| 09/07/11 | Chicago, IL |
| 10/05/11 | Chicago, IL |
| 01/11/12 | Chicago, IL |
| 02/08/12 | Chicago, IL |

On or about October 27, 2011, defendant, by and through the knowledge and actions of its agents and employees, knowingly exported wildlife, namely Black rhinoceros horn, that had been, prior to the export, (1) carried, transported, and shipped in interstate commerce in the course of commercial activity, and (2) sold in interstate commerce.

On or about January 23, 2012, defendant, by and through the knowledge and actions of its agents and employees, received, concealed, bought, sold, and facilitated the transportation,

concealment, and sale of merchandise, namely Black rhinoceros horn, prior to exportation, knowing that such rhinoceros horn was intended for exportation contrary to any law or regulation of the United States.

During all times relevant to the First Superseding Indictment, defendant, by and through the actions of its agents and employees Jimmy Kha and Felix Kha, paid on average between $5,000 to $7,000 per pound of rhinoceros horn. The Black and White rhinoceros horn acquired by defendant's employees for export and sale overseas has a fair market value between, at a minimum, $1,000,000 to $2,500,000.

In or around June 2011, defendant, by and through the actions of its employees Jimmy and Felix Kha paid $150,000 to Customs officials in Vietnam as a bribe to facilitate the export of rhinoceros horn from the United States into the country of Vietnam. Defendant's employees used an intermediary in the United States to effectuate the payment of the bribe to the Vietnamese Customs officials.

# ATTACHMENT

CORPORATE RESOLUTION

CONSENT TO ACTION WITHOUT MEETING
BY BOARD OF DIRECTORS
OF
WIN LEE CORPORATION,
A California Corporation
(CALIFORNIA SECRETARY OF STATE ENTITY #C2531339)

The undersigned Director of WIN LEE CORPORATION, being the only Director and sole Shareholder of the Corporation, consents to the following actions without a meeting and/or upon written consent.

The Board of Directors adopts the following resolution:

**WHEREAS the Board of Directors of WIN LEE CORPORATION believe it to be in the best interest of WIN LEE CORPORATION to plead guilty to Counts twenty-one and twenty-seven of the attached First Superseding Indictment in <u>United States of America v. Vinh Chuong Kha, WIN LEE CORPORATION, et al, CR No 12-202(A)-CAS</u>, which charges WIN LEE CORPORATION with Smuggling Goods from the United States in violation of 18 U.S.C. § 554 and Wildlife Trafficking in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(A), pursuant to the terms of the negotiated plea agreement to which this document is attached,**

**IT IS HEREBY RESOLVED that WIN LEE CORPORATION hereby authorizes WIN LEE CORPORATION'S counsel, Evan Phillip Freed, Attorney at Law, to plead guilty on WIN LEE CORPORATION'S behalf to Counts twenty-one and twenty-seven of the First Superseding Indictment in <u>United States of America v. Vinh Chuong Kha, WIN LEE CORPORATION, et al, CR No 12-202(A)-CAS</u>, pursuant to the terms of the negotiated plea agreement to which this document is also attached.**

WIN LEE CORPORATION certifies that (1) it is authorized to enter into and comply with all the provisions of the attached plea agreement, (2) The Director and Sole Shareholder of WIN LEE CORPORATION is authorized to direct Evan Phillip Freed, Attorney at Law, WIN LEE CORPORATION'S counsel to enter into the plea agreement to which this document is attached and enter the guilty pleas called for under the agreement, and (3) all corporate formalities for such authorizations have been observed.

This action is taken under the authority of California Corporations Code § 307(b).

Dated: _____8/8/12_____

_____
VINH CHUONG KHA
Director and Sole Shareholder of WIN LEE CORPORATION